IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | Civil Action No: |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | <u>JURY TRIAL DEMAND</u> |
| SYMPHONY DEERBROOK, L.L.C. D/B/A ) | |
| SYMPHONY OF JOLIET ) | |
| ) | |
| Defendant. ) | |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act of 1990 ("ADA"), to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Katie Townsend and a class of female employees who were pregnant while working for Defendant.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that Symphony Deerbrook, L.L.C. ("Symphony") violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. §§ 2000e(K) and 2000e-2(a)(1), when it maintained a written policy requiring pregnant employees (and only pregnant employees) to disclose medical information to Symphony, even if they were not requesting an accommodation; mandated that they obtain a doctors' note indicating that they could work without restrictions; failed to accommodate their pregnancy-related medical restrictions with job modifications of the same types that were provided to non-pregnant employees similar in their ability or inability to work; and failed to rehire or return Townsend and

1

other pregnant employees from leave after they had a baby. This resulted in Townsend and other pregnant employees losing their employment or being forced to take unpaid leave.

EEOC further alleges that Symphony violated the Americans with Disability Act (as amended), 42 U.S.C. § 12112(d)(3)(4)(a), when it subjected Alyssa Anthony and other pregnant employees to prohibited medical examinations and inquiries for reasons that are not job related or consistent with business necessity, and 42 U.S.C. § 12117, which incorporates 42 U.S.C. § 2000e-8 by reference, and 29 C.F.R. § 1620.14, when it failed to retain records of requests that it received for reasonable accommodations.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"); Section 107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates 42 U.S.C.§ 2000e-5(f)(1) and (3) by reference; and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 107(a) of the ADA, 42 U.S.C. 12117(a), which incorporates 42 U.S.C.§ 2000e-5(f)(1) and (3) by reference.

4. At all relevant times, Symphony has continuously been and is now a corporation doing business in the Northern District of Illinois in the city of Joliet, Illinois, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Symphony has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h), and Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates the preceding sections by reference.

6. At all relevant times, Symphony has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **ADMINISTRATIVE PROCEDURES**

7. More than thirty days prior to the institution of this lawsuit, Alyssa Anthony filed a charge with EEOC alleging violations of Title VII, as amended by the PDA, and the ADA, by Symphony. More than thirty days prior to the institution of this lawsuit, Katie Townsend also filed a charge with the EEOC alleging violations of Title VII, as amended by the PDA, by Symphony.

8. On July 23, 2020, EEOC issued a Letter of Determination on Anthony's charge finding reasonable cause to believe that Symphony violated Title VII and the ADA. The same day the Commission also issued a Letter of Determination on Townsend's charge finding reasonable cause to believe that Symphony violated Title VII.

9. EEOC invited Symphony to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Symphony to provide it the opportunity to remedy discriminatory practices described in the Letters of Determination.

11. By letter dated February 4, 2021, EEOC informed Symphony that it was unable to secure a conciliation agreement acceptable to EEOC.

    a. The February 4, 2021 letter was sent to Respondent's representative via US Mail.

    b. The February 4, 2021 letter was also available to Respondent's representative via the EEOC Respondent Portal.

    c. The February 4, 2021 letter was emailed to Respondent's representative on February 16, 2021.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

13. Since at least May 4, 2016 to the present, Symphony has engaged in and is continuing to engage in unlawful employment practices at its Joliet, Illinois facility, in violation of Title VII, 42 U.S.C. 2000e(K) and 2000e(2)(a)(1), by subjecting employees to different terms and conditions because of sex and pregnancy. These practices include, but are not limited to:

(a) Maintaining a written policy in their Collective Bargaining Agreement requiring Townsend and a class of pregnant employees to disclose their pregnancies to Symphony while not requiring other non-pregnant employees to disclose medical conditions;

(b) Requiring Townsend and a class of pregnant employees to submit to medical examinations to establish that they can work without restrictions while not requiring similar certifications from other, non-pregnant employees;

(c) Failing to provide a class of pregnant employees modified job duties provided to other employees similar in their ability or inability to work, including employees who suffered workers compensation injuries; and

(d) Discharging a class of pregnant employees who required accommodations and classifying them as ineligible for rehire.

(e) Discharging Townsend and a class of pregnant employees and not permitting them to return following pregnancy because of their pregnancy.

14. Since at least May 4, 2016 to the present, Symphony has engaged in and is continuing to engage in unlawful employment practices at its Joliet, Illinois facility, in violation of the ADA, 42 U.S.C. § 12112(d)(3)(4)(a). These practices include, but are not limited to:

(a) Subjecting a class of pregnant employees to medical examinations and inquiries by requiring pregnant employees to obtain doctors' notes indicating that they can work without restrictions; and

(b) Suspending a class of other pregnant employees in certain job categories until they obtained those doctors' notes.

15. Since at least May 4, 2016 to the present, Symphony failed to maintain records as required under the ADA, 42 U.S.C. § 12117, which incorporates 42 U.S.C. § 2000e-8 by reference, and 29 C.F.R. § 1620.14, when it failed to retain records including requests for reasonable accommodations.

16. As alleged in paragraphs 13-15, Symphony deprived Townsend and a class of female employees equal employment opportunities and otherwise adversely affected their status as employees because of their sex and pregnancy or in violation of the ADA.

17. The unlawful employment practices complained of were intentional.

18. The unlawful employment practices complied of were done with malice or with reckless indifference to the federally protected rights of Townsend and the class of female employees.

**PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court

    A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that violate Title VII, as amended by the PDA, and the ADA;

    B.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from requiring pregnant employees to disclose their pregnancy, requiring pregnant employees to obtain doctors' notes, suspending pregnant employees until they obtain doctors' notes, denying pregnant workers the same accommodations made available to other employees similar in their ability or inability to work, and terminating employees who require accommodation due to pregnancy and classifying them as ineligible for rehire;

    C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant workers and applicants, and which eradicate the effects of its past and present unlawful employment practices described herein;

    D.    Order Defendant to make Townsend and a class of female employees whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described herein, including without limitation, reinstatement;

    E.    Order Defendant to make Townsend and a class of female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein;

      F.      Order Defendant to make Townsend and a class of female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described herein, including but not limited to emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

      G.      Order Defendant to pay Townsend and a class of female employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

      H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      I.      Award the Commission its costs of this action.

## **JURY TRIAL DEMANDED**

EEOC requests a jury trial on all questions of fact raised by its complaint

Gwendolyn Reams
Acting General Counsel

Equal Employment
Opportunity Commission
131 M. St. NE
Washington, DC 20507

Gregory Gochanour
Regional Attorney

Deborah Hamilton
Supervisory Trial Attorney

s/ Jonathan Delozano
Jonathan Delozano
Trial Attorney
Equal Employment
Opportunity Commission
230 S. Dearborn St. Ste. 2900
Chicago, IL 60604
(312) 872-9695
jonathan.delozano@eeoc.gov

7